Blake D. Miller (4090)
James W. Anderson (9829)
**MILLER GUYMON, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
e-mail: miller@millerguymon.com
       anderson@millerguymon.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**WOLF CREEK PROPERTIES, LC**<br><br>Debtor. | **Bankruptcy Case No. 10-27816**<br>**Chapter 11**<br><br>**Judge Joel T. Marker**<br><br>**(Filed Electronically)** |

### MOTION FOR APPROVAL TO SELL GMC SIERRA *NUNC PRO TUNC*

Wolf Creek Properties, LC ("Wolf Creek" or "Debtor"), pursuant to 11 U.S.C. § 363(b), (f) and (m), and Fed. R. Bankr. P. 2002, 6004 and 9014, seeks entry of an order authorizing and approving the sale outside the ordinary course of business of that certain 1998 GMC Sierra Truck, VIN # 1GTEK19R8WR518806 (the "Truck") to Jeff Wilhelmsen ("Wilhelmsen" or "Buyer"), *nunc pro tunc*, free and clear of all interests, liens, claims and encumbrances with any all such interests, liens, claims and encumbrances to attach to the proceeds of sale, and that the order approving the Sale be effective upon entry pursuant to Rule 6004(h).  In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2.      On June 9, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor is a Utah limited liability company with its principal place of business in Eden, Utah.  Among other assets, the Debtor owns the real property which comprises the Wolf Creek golf course and Wolf Mountain ski resort facilities.

4.      The Debtor has a number of secured and unsecured creditors, and is continuing to operate its resort business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## SALE OF THE TRUCK IS IN THE BEST INTEREST OF THE ESTATE

5.      The Truck is a 1998 vehicle which had 186,955 miles as of July 6, 2010.  The Truck was used as a maintenance vehicle by the Debtor in its resort facilities operation business.  The Debtor listed the Truck on Schedule B with a value of $2,650.00.  Wilhelmson offered the Debtor $4,500.00 to purchase the Truck, which the Debtor believes is a good price for the Truck.  Kelley Blue Book lists a private party value for a comparable truck to be between $4,100 and $4,800.  Wilhelmson's offer is in the middle of this price range.

6.      The Debtor entered into an agreement to sell the Truck to Wilhelmson on July 6. 2010.  The Debtor has already transferred possession of the Truck and signed over the title to

Wilhelmson, who has already paid the Debtor the $4,500.00 purchase price.  This was done by the Debtor without realizing that such actions required Court approval.  As an owner and operator of recreational facilities, the Debtor has an established history of buying, using and selling automobiles and equipment related to such facilities.  However, because the Debtor's primary business is the ownership and operation of the resort facilities, rather than dealing directly in automobiles, Court approval of this sale is arguably required, and certainly the best practice for the Debtor.

      7.    The Debtor informed counsel of this sale on the day of the 341 meeting, July 8, 2010.  The Debtor then also informed the United States Trustee of such sale at such meeting, and has also disclosed this sale in its June monthly financial report, filed on July 14, 2010 (docket # 44).  The Debtor has been admonished and instructed to not transfer any assets without prior court approval except for those transfers that are directly related to the operation of the resort facilities.

      8.    To the best of the Debtor's knowledge and belief after reasonable inquiry, Wilhelmson is not a creditor or owner of the Debtor.  Wilhelmson appears to be an unrelated third party to the estate.

      9.    The Debtor did not have a loan against the Truck, and is unaware of any direct lien or interest against the Truck.

      10.    The Debtor believes it is in the best interests of the estate to sell the Truck to Wilhelmson for $4,500.  The Debtor no longer needs the Truck for its resort operations, and would prefer to have the funds to administer the estate.

11. Section 363(b)(1) authorizes the Debtor to sell, other than in the ordinary course of business, property of the estate with Court approval. The Truck is property of the Debtor's estate.

12. In order to approve a sale of a debtor's assets outside the ordinary course of business, there should exist: (1) a sound business reason for the sale; (2) adequate and reasonable notice to interested parties, including the sale terms and the Debtor's relationship with the buyer; (3) a fair and reasonable sale price; and (4) good faith on the part of the buyer. See In re Medical Software Solutions, 286 B.R. 431, 438-39 (Bankr. D. Utah 2002). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the company." In re Johns-Manville Corp., 60 B.R. 612, 615-616 (Bankr. S.D.N.Y.) ("a presumption of reasonableness attaches to a Debtor's management decisions").

13. The Truck is a depreciating asset that costs the estate money through insurance premiums and annual registration and maintenance fees. The Truck is not necessary to the operation or administration of the estate, and should be liquidated to provide funds to administer the estate. Selling assets to raise funds for the operation of the estate is a sound business purpose. Additionally, the sale is at a price within the reasonable range of the Truck's fair market value as obtained from research through Kelly Blue Book, which represents the Debtor's best judgment as to the fair market value of the Truck.

14. A debtor may sell estate property free and clear of any liens, claims and encumbrances if:

4

    (1)    applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). In this case, the Debtor is not aware of any direct liens against the Truck.

## CONCLUSION

WHEREFORE, the Debtor requests that the Court approve, *nunc pro tunc*, the Debtor's action of selling the Truck to Wilhelmson, free and clear of all liens, claims, and encumbrances, and that the order approving the Sale to be effective upon entry pursuant to Rule 6004(h).

DATED this 14th day of August, 2010.

**MILLER GUYMON, P.C.**

/s/ James W. Anderson
Blake D. Miller
James W. Anderson

Attorneys for the Debtor

5