Blake D. Miller (4090)
James W. Anderson (9829)
**MILLER GUYMON, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
e-mail: miller@millerguymon.com
         anderson@millerguymon.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**WOLF CREEK PROPERTIES, LC**<br><br>Debtor. | **Bankruptcy Case No. 10-27816**<br>**Chapter 11**<br><br>**Judge Joel T. Marker**<br><br>**(Filed Electronically)** |

**MOTION TO EXTEND EXCLUSIVE PERIOD DURING WHICH DEBTOR MAY SOLICIT ACCEPTANCES TO ITS PLAN OF REORGANIZATION**

Wolf Creek Properties, LC ("Wolf Creek" or "Debtor") submits this Motion to Extend Exclusive Period during which Debtor May Solicit Acceptances to Its Plan of Reorganization (the "Motion"). In support of its Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2.      On June 9, 2010 the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor is a Utah limited liability company with its principal place of business in Eden, Utah.  Among other assets, the Debtor owns the real property which comprises the Wolf Creek golf course and Wolf Mountain ski resort facilities.

4.      The Debtor has a number of secured and unsecured creditors, and is continuing to operate its resort business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      On October 7, 2010, the Debtor filed its Plan of Reorganization and its Disclosure Statement for Debtor's Plan of Reorganization, Dated October 7, 2010.

6.      A hearing on the adequacy of the Disclosure Statement is scheduled for December 6, 2010.

7.      Pursuant to 11 U.S.C. § 1121(c)(3), the Debtor is given 180 days after the petition date to obtain confirmation of a plan.  That deadline is December 6, 2010, the same date as the hearing on the adequacy of the Disclosure Statement.  Thus, the acceptance deadline set forth in § 1121(c)(3) is too short for the Debtor to complete the plan acceptance process, and the Debtor therefore seeks an extension of its exclusive time period to solicit approval of its Plan of Reorganization for an additional 90 days.

## BASIS FOR RELIEF

8.      The statutory exclusive periods contained in the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of such plan

without the disruption of a debtor's business plan that might be caused by the filing of competing plans of reorganization by non-debtor parties. The objective of a chapter 11 case is the formulation, development, negotiation, confirmation, and consummation of a plan, and it is the intention of the Debtor to achieve this objective.

9. Where the initial 120 day filing period and 180 day solicitation period provided by the Bankruptcy Code prove to be an unrealistic time frame within which the debtor may file or solicit acceptances for a plan, section 1121(d) of the Bankruptcy Code authorizes the Court to extend a debtor's exclusivity periods:

> On request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause … increase the 120-day period or the 180-day period referred to in this section.
>
> The 120-day period … may not be extended beyond a date that is 18 months after the date of the order for relief …. The 180-day period … may not be extended beyond a date that is 20 months after the date of the order for relief.

11 U.S.C. § 1121(d).

10. It is well established that the decision to extend a debtor's exclusivity is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. Jasik v. Conrad (In re Jasik), 727 F.2d 1379, 1382 (5th Cir. 1984); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D. N.Y. 1989); First American Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Texaco. Inc., 76 B.R. 322, 325 (Bankr. S.D. N.Y. 1987).

11. In determining whether cause exists to extend the exclusivity periods, courts have identified several factors, including the following: (i) the size and complexity of the case; (ii) the

necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) the fact that the debtor is paying its bills as they come due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress in negotiations with its creditors; (vii) the amount of time which has elapsed in the case; (viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (ix) whether an unresolved contingency exists.  In re Express One Inter., Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex 1996) (finding cause to extend the exclusive period where the debtor had been diligent in it is attempts to reorganize and extension was not sought for an indefinite period).

12.     While the foregoing factors are frequently cited, the court may consider any other factors that may be germane to the requested extension.

13.     In evaluating these factors, the Court is given the maximum flexibility to review the particular facts and circumstances of each case.  See In re Public Serv. Co., 88 B.R. at 534 ("the legislative intent … [is] to promote flexibility …"); Gains v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of section [1121(d)] is flexibility."); First American Bank v. Southwest Gloves and Safety Equip., Inc., 64 B.R. at 965 (acknowledging flexibility that section 1121(d) provides); H.R. Rep. No. 95-595, at 232 (1978) ("the bill allows the flexibility for individual cases that is unavailable today."), reprinted in U.S.C.C.A.N. 5963, 6191.

14.     Wolf Creek submits that granting the requested 90 day extension of time to solicit acceptances to its Plan of Reorganization is justified because, among other things:

4

  a. The Debtor diligently filed its Plan of Reorganization and Disclosure Statement within the 120 day statutory time limit.

  b. The Debtor has engaged in discussions with its creditors regarding the Plan of Reorganization and their respective claims.

  c. The Debtor can seek reasonable time periods on the Court's calendar for hearings, rather than trying to rush the process or seek orders shortening time for notice.

  d. The applicable notice requirements make it impossible to achieve acceptance of a Plan within 60 days after filing it, without an order shortening time. Rule 2002(b) requires 28 days notice by mail of the time to file objections to the adequacy of a disclosure statement and confirmation of a plan of reorganization. Arguably, rule 9006(f) adds the customary 3 days for notices by mail, making the notice period at least 31 days for each objection period and hearing. Assuming the Court's calendar could have accommodated a disclosure statement hearing 31 days after the Debtor filed its Plan of Reorganization and Disclosure Statement, and then a confirmation hearing no later than 31 days after that, that is still 62 days, or 2 days over the limit for acceptance set forth in § 1121(c)(3).

  e. The Debtor has demonstrated reasonable prospects for confirming a viable plan through its projections of success at finding an investor to continue the resort operations and real estate projects over a reasonable period of time. In today's real estate market, it is only reasonable to expect a plan of reorganization to pay claims over time through continued operations. Fortunately for the Debtor and its creditors, the Debtor has excellent resort facilities and real estate projects to attract such an investor.

      f.      The case is still relatively young in comparison with other chapter 11 cases, yet the Debtor already has its Plan of Reorganization on file.

      g.      The Debtor is not seeking this extension to pressure creditors to submit to its reorganization demands. To the contrary, this additional time will give the Debtor and its creditors the ability to negotiation differences and hopefully achieve a consensual Plan of Reorganization.

15.      Granting the requested extension of exclusivity is necessary for the Debtor to complete negotiations with creditors and proceed to acceptance of the Plan of Reorganization. The relief requested herein should provide the Debtor with sufficient time to accomplish these goals.

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion and extend the Debtor's exclusive time period to solicit acceptances of the Plan of Reorganization by 90 days.

DATED this 15th day of November, 2010.

                        MILLER GUYMON, P.C.

                        /s/ James W. Anderson
                        Blake D. Miller
                        James W. Anderson

                        Attorneys for the Debtor