Kim R. Wilson (3512)
David L. Pinkston (6630)
P. Matthew Cox (9879)
**SNOW, CHRISTENSEN & MARTINEAU**
Attorneys for Farm Bureau Life Insurance
    Company of Michigan
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 10B-27816 |
| | (Chapter 11) |
| **WOLF CREEK PROPERTIES, LC,** | |
| Debtor. | |

**OBJECTION OF FARM BUREAU LIFE INSURANCE COMPANY OF MICHIGAN
TO DISCLOSURE STATEMENT DATED OCTOBER 7, 2010**

Pursuant to 11 U.S.C. §1125 and Fed R.Bankr P.2017(a), Farm Bureau Life Insurance Company of Michigan ("Farm Bureau") objects to the Disclosure Statement dated October 7, 2010 with respect to Debtor's Plan of Reorganization ("Disclosure Statement") filed by Debtor.

### INTRODUCTION

1. The Disclosure Statement fails to satisfy the requirements of §1125 of the Bankruptcy Code that it provide information adequate to allow a reasonable investor to make an informed judgment about the Debtor's Plan of Reorganization dated October 7, 2001 (the "Plan"). The Disclosure Statement does not contain critical information and is worded and organized in a way that makes it impossible for a hypothetical reasonable

investor to understand what the Plan proposes and make an informed judgment about the Plan.

## STANDARD FOR APPROVAL OF THE DISCLOSURE STATEMENT

2.   A disclosure statement cannot be approved unless it contains "adequate information" sufficient to enable creditors to decide whether to accept or reject the proposed plan of reorganization. §1125, Bankruptcy Code.  The Bankruptcy Code defines "adequate information" as:

> . . . information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and condition of the debtors books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.  Section 1125(a)(1).

3.   Congress intended the phrase "adequate information" to be construed in a case-by-case basis.  *In re: Ferretti*, 128 B.R. 156,18 (Bankr.D.N.H. 1991); *In re: Applegate Prop., Ltd.*, 133 B.R. 827, 829 (Bankr. W.D. Tex. 1991); If a plan contains provisions that would prohibit confirmation, a court should not approve a disclosure statement relating thereto.  *In re: Eastern Main Elec. Co-op, Inc.*, 125 B.R. 329, 333 (Bankr.D.Me 1991); *In re: Bjolmes Realty Trust*, 134 B.R. 1000, 1002 (Bankr.D.Mass 1991).  If no such provisions are contained in the plan, the court must evaluate the adequacy of the disclosure statement based upon the facts of the case.  Eastern Maine Elec. at 333.  Courts have enumerated types of information that should be included in a disclosure statement:

    a.   The circumstances that gave rise to the filing of the bankruptcy;

    b.   A description of the assets and their value;

 c. The anticipated future of the debtor or its successors;

 d. The source of the information in the disclosure statement;

 e. An appropriate disclaimer;

 f. The condition and performance of the debtor while in Chapter 11:

 g. Information about claims against the estate;

 h. A liquidation analysis;

 i. The accounting and valuation methods used to produce the financial information in the disclosure statement;

 j. Information regarding future management of the debtor or its successor, including the amount of compensation to be paid to any insiders, managers and other management personnel;

 k. A summary of the plan;

 l. An estimate of all administrative expenses, including attorneys fees and accountant's fees;

 m. The likelihood of collecting accounts receivable;

 n. Any financial information, valuations or pro forma projections that are relevant to the creditor's determination of whether to accept or reject the plan;

 o. Information relevant to the risks proposed to be taken under the plan by the creditors;

 p. The estimated value that can be obtained from voidable transfers;

 q. The existence, likelihood and possible success of nonbankruptcy litigation;

 r. The tax consequence of the plan; and

 s. A description of the debtor's subsidiaries and affiliates.

*In re: Reilley*, 71 B.R. 132,134 (Bankr.D.Mont. 1987) (quoting *In re: Microcraft Publishing Serv., Inc.* 39 B.R. 567, 568 (Bankr.N.D.Ga. 1984)).

## ARGUMENT

4.      Farm Bureau's objections to the Disclosure Statement can be placed in two categories: (a) inadequate disclosure issues; and (b) defects that make the Plan uncomfirmable.

## INADEQUATE DISCLOSURE ISSUES

5.      The Disclosure Statement makes virtually no meaningful disclosure regarding the asserted value of assets owned by Debtor.

6.      The Disclosure Statement makes virtually no meaningful disclosure regarding the asserted value of "Subsidiaries" identified in ¶I I, C.2. in which Debtor holds an interest.  Debtor should be required to make a full disclosure of the assets held by each of the Subsidiaries, the value of all such assets and the operations of each Subsidiary now and as proposed after confirmation.  Of particular concern is the lack of information regarding two water companies, management thereof, and a pending sale of one or both water companies.  Debtor should be required to disclose all information regarding such proposed sale and its terms.

7.      The disclosures regarding Events During the Case as found in ¶ III,B, are insufficient as stated above regarding the pending sale of the water companies and needs to be updated with regards to the DIP loan approved by the Court.

8.      The Disclosure Statement makes only nominal reference to Debtor's efforts to obtain third party funding.  Debtor should be required to fully disclose all efforts

it has made to find a buyer and to otherwise obtain third party funding, including all proposals made and Debtor's position regarding such proposals.

9. The Plan seems to center around a future "Funding Event", but the Disclosure Statement and Plan do not define the term "Funding Event". The Disclosure Statement should be required to carefully and fully define what constitutes a Funding Event.

10. The Plan makes reference to interest at the "Plan Rate", but the Disclosure Statement and the Plan do not define the term "Plan Rate".

## DEFECTS TO PLAN

11. The proposed treatment of the claim of Farm Bureau is quite complex and involves whether or not an undefined Funding Event takes place. One proposed treatment, should a Funding Event not occur, provides for a deed in lieu as to the Pineview Center in partial satisfaction of a portion of Farm Bureau's claim and a reduction of indebtedness in a fixed amount of $3,100,000.00. There is no disclosure as to the legal and factual basis for such proposed treatment.

12. Proposed Treatment of the Claim of Farm Bureau under the Plan provides, under one scenario, for an auction of property held as security in a "nationally advertized auction". Debtor should be required to disclose complete information concerning such auction, the proposed auction company, auction terms and what properties of Debtor will be included in such auction.

## RESERVATION OF RIGHTS

The time to raise objections to confirmation of the Plan is after approval of a Disclosure Statement. Farm Bureau recognizes this fact. Some objections contained herein address confirmation issues, but are nevertheless appropriate to the extent that the provisions of the Plan could bar confirmation and the disclosures with regard thereto are inadequate. Farm Bureau reserves the right to raise those objections to confirmation at an appropriate time. In addition, Farm Bureau reserves the right to voice additional objections in the event Debtor amends the Disclosure Statement.

## CONCLUSION

The Debtor has not provided information adequate to satisfy the requirements of § 1125 of the Bankruptcy Code. Approval of the Disclosure Statement should be denied.

DATED this 15th day of November, 2010.

SNOW CHRISTENSEN & MARTINEAU

By: /s/ Kim R. Wilson
    Kim R. Wilson
    P. Matthew Cox
    Attorney for Farm Bureau Life Insurance
    Company of Michigan

CERTIFICATE OF SERVICE

I, Kim R. Wilson, attorney for Farm Bureau Life Insurance Company of Michigan, hereby certify that on this 15th day of November, 2010, I served a copy of the **OBJECTION OF FARM BUREAU LIFE INSURANCE COMPANY OF MICHIGAN TO DISCLOSURE STATEMENT DATED OCTOBER 7, 2010** to the following parties in the manner indicated:

Blake D. Miller   (via ECF)
Miller Guymon, PC
165 South Regent Street
Salt Lake City, UT 84111

Peter J. Kuhn   (via ECF)
United States Trustees Office
Ken Garff Bldg.
405 South Main Street, Ste. 300
Salt Lake City, UT 84111

Brent D. Wride, Esq. (via ECF)
Ray, Quinney & Nebeker
P. O. Box 45385
Salt Lake City, UT 84145-0385

RLP Properties, LLC   (via U.S. Mail)
Attn: Ron Rubin
25 NW 23rd Place, Ste. 6
PMB 412
Portland, OR 97210

Wolf Creek Recreational Facilities
Association, Inc.  (via U.S. Mail)
Attn: Robert T. Coffin
9805 Willows Road NE
Redmond, WA 98052

Strategic Marketing Group, Inc.
Attn: Melisa MenKemeller (via U.S. Mail)
P. O. Box 544
Park City, UT 84060

/s/ Kim R. Wilson