Robert S. Prince (#2652)
Gregory S. Moesinger (#10680)
KIRTON & McCONKIE
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
rprince@kmclaw.com
gmoesinger@kmclaw.com

Attorneys for Randy Marriott Construction Company

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>WOLF CREEK PROPERTIES, LC,<br><br>Debtor | Bankruptcy Case No. 10-27816<br>(Chapter 11)<br><br>Judge Joel T. Marker |
|---|---|

**RANDY MARRIOTT CONSTRUCTION COMPANY'S OBJECTION TO
ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT**

Pursuant to Bankruptcy Rule 3017(a), Creditor Randy Marriott Construction Company

("Marriott"), by and through its counsel of record, Kirton & McConkie, hereby objects to Wolf

Creek Properties, LC's (the "Debtor") Disclosure Statement for Debtor's Plan of Reorganization,

Dated October 7, 2010 (the "Disclosure Statement") as follows:

**Background Information**

1.  <u>Marriott's Filed Proof of Claim.</u>  Marriott has filed a Proof of Claim, Claim No. 92 in this case, in the amount of $449,708.88 (the "Marriott Proof of Claim").  Marriott's claim arises from the Debtor's failure to pay Marriott for labor, services, materials, supplies and other improvements provided to the Debtor's real property pursuant to a Contract Agreement (the "Contract"), dated October 28, 2008, and executed by the Debtor in favor of Marriott.  (*See* Proof of Claim No. 92.)  After the Debtor defaulted on its payment obligations under the Contract, on May 10, 2010, Marriott recorded a Notice of Mechanics Lien (the "Lien") with the Weber County Recorder, State of Utah, pursuant to Utah Code § 38-1-1, *et seq.* (*Id.* at 15-17.)  In its proof of claim, Marriott maintains that the entire amount due to Marriott from Debtor is secured by the Debtor's real property due to the Lien and the equity in the property.  (*Id.* at 1.)

**Legal Authority**

2.  Under the bankruptcy code, the Debtor is required to disclose "adequate information," which generally means information of a kind, and in sufficient details, as far as is reasonably practicable that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan. *See* 11 U.S.C. 1125(a)(1) (2010).  With respect to Marriott, the Disclosure Statement is inadequate, and more information is needed.

**Objections**

3.  <u>Debtor's Dispute with the Marriott Proof of Claim.</u>  In the proposed Disclosure Statement, the Debtor states that "Randy Marriott Construction holds a mechanic's lien (disputed) on Parcel 7." (Disclosure Statement at 21.)  However, Marriott is unaware of any

dispute or objection by the Debtor to its Proof of Claim.  Furthermore, Marriott is unaware of any of legal bases for any such objection or dispute.  To Marriott's knowledge, Debtor has not filed an objection to the Marriott Proof of Claim with the Court, and Debtor has not raised any concern with Marriott or its counsel as to the sufficiency of the Marriott Proof of Claim or any dispute or issue with the underlying claim and/or Lien.  To the extent the Debtor disputes Marriott's claim, including any portion of the Marriott Proof of Claim, the Debtor should be required to provide a further explanation of any objection it may have to the Marriott Proof of Claim, including the bases for any such the dispute, rather than to just assert in parentheses: "(disputed)."  Marriott's claim for nearly half a million dollars is a material debt of the Debtor's estate, and Marriott believes that the claim is valid.  The Debtor should provide some statement as to the nature of their purported dispute to provide the parties in interest in this case with a better understanding of the nature of Debtor's alleged dispute with the Marriott Proof of Claim.

4. <u>Failure to Provide Information re Valuation of Real Property.</u>  In addition, attached to the Disclosure Statement is the Debtor's Plan of Reorganization, dated October 7, 2010 (the "Plan").  Reserving the right to timely object to the Plan at a later date, including any of the contents therein, neither the Disclosure Statement nor the Plan set forth any kind of valuation or fair market value of the Debtor's real property that is encumbered by the Lien, including whether there is any equity in the property.  To the extent that Marriott's Lien and/or claim are over-secured, Marriott may be entitled to interest under 11 U.S.C. § 502 at the rate under the Contract, *i.e.*, eighteen percent (18%) per annum, and not the Plan Rate, as set forth in the Plan.  In addition, to Marriott's knowledge, the "Plan Rate" is not defined in the Definitions

and Interpretation set forth in Article I of the Plan, making it difficult to understand, compare, and/or evaluate.  Debtor should be required to provide the most current information available to the Debtor concerning the current present market value of the property, which will be vital information in the context of the pending case.

     5.     <u>Failure to Identify other Liens Filed Against the Real Property.</u>  The Disclosure Statement should provide the Debtor's valuation of the property that is encumbered by the Lien, including the identity of other encumbrances, the dollar amount of the encumbrances, and estimations of equity, such that Marriott can properly determine whether it may be entitled to interest at the interest rate under the Contract versus some other rate.  As it stands, based upon the Disclosure Statement, Marriott is unable to determine what the applicable interest should be under the Plan, making the Disclosure Statement inadequate.

     DATED this 15th day of November, 2010.

                             KIRTON & McCONKIE

                    By:   <u>s/Gregory S. Moesinger</u>
                         Robert S. Prince
                         Gregory S. Moesinger
                         Attorneys for Randy Marriott Construction Company

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing titled, **RANDY MARRIOTT CONSTRUCTION COMPANY'S OBJECTION TO ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT**, was served this 15th day of November, 2010, on the following by the method indicated:

| | |
|---|---|
| Blake D. Miller. Esq.<br>Miller Guymon, P.C.<br>165 S. Regent St.<br>Salt Lake City, Utah  84111 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-mail/E-filer |
| Peter J. Kuhn, Esq.<br>Office of the United States Trustee<br>405 S. Main St., #300<br>Salt Lake City, Utah  84111 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-mail/E-filer |
| Brent D. Wride, Esq.<br>Ray Quinney & Nebeker<br>P.O. Box 45385<br>Salt Lake City, Utah  84145-0385 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-mail/E-filer |
| RLP Properties, LLC<br>Attn:  Ron Rubin<br>25 NW 23rd Place, Suite 6<br>PMB 412<br>Portland OR  97210 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-mail/E-filer |
| Wolf Creek Recreational Facilities<br>Association, Inc.<br>Attn:  Robert T. Coffin<br>9805 Willows Road NE<br>Redmond, Washington  98052 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-mail/E-filer |

Strategic Marketing Group, Inc.     (X) U.S. Mail, Postage Prepaid
Attn: Melissa MenKemeller     (  ) Hand Delivered
P.O. Box 655     (  ) Overnight Mail
Park City, Utah 84060     (  ) Facsimile
    (X) E-mail/E-filer

   /s/Londa Frankis

18594-0002/4820-3307-7512