LAURIE A. CAYTON, Trial Attorney (#4557)
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah  84111
Telephone:  (801) 524-3031
Fax: (801) 524-5628
laurie.cayton@usdoj.gov
Attorney for United States Trustee
Charles F. McVay

---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| IN RE:<br><br>WOLF CREEK PROPERTIES, LC,<br><br>(Filed Electronically) | BANKRUPTCY NO. 10-27816 JTM<br><br>UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT<br><br>(Chapter 11) |

The United States Trustee hereby objects to the Debtor's Disclosure Statement dated

October 7, 2010, as not containing adequate information as that term is defined in 11 U.S.C. §

1125(a)(1) and in support of his objection states as follows:

1.  The Debtor's projections rely on the ability to sell the Water Company and

Conservancy prior to confirmation of the plan, yet little information is provided concerning to

whom the assets are to be sold, the sales price and the ability of the proposed buyers to

consummate the sale prior to confirmation.  Additional information concerning this transaction

should be added to the Disclosure Statement.  (See Disclosure Statement at page 22).

2.  The Disclosure Statement provides a brief description of each class and their proposed

treatment but fails to address the following issues:

a) Are there any claimants in Class 1 or Class 3? (Page 28)

b) Which method will the Debtor chose to pay priority tax claims, will there be sufficient

funds to pay these claims on the effective date or are these payments included in the Debtor's

pro forma found at the end of the Disclosure Statement? (Page 28)

c) What does the Debtor consider to be a reasonable time to hold an auction after the

conclusion of the 24 months?  Is it an additional 6 months as the Debtor seems to state at page

44?  (Page 30 and 44)

d) The Debtor proposes to provide America First Credit Union with a Deed in Lieu of the

Northwest parcel in full satisfaction of its claim if a funding event does not occur within 12

months after the Effective Date, but does not indicate the value of the Northwest parcel

anywhere in the Disclosure Statement, nor does it disclose the amount owed to America First.  Is

America First to receive more, less or the equivalent value of their claim? (Page 31)

e) If there is no sale within the 12 months following the Effective Date and the sale of the

Conservancy or Water Company falls through, how will the claim of McFarlane Family Trust be

paid? (Page 38)

f) What amount is owed to Ford Credit, what is the amount and term of the repayment

and are these payments scheduled in the Debtor's pro forma? (Page 40)

g) What amount does the Debtor project will be in the Liquidation Fund available to pay unsecured creditors up to 66.67% of their claim?  What funds will be placed in the Liquidation Fund?  Does this amount exceed the 8% projected to be paid to unsecured creditors in the Liquidation Analysis? (Page 40)

h) What is the Interest Holders pro rata share of the Liquidation Fund?  33.33%?  How does the Debtor intend to overcome the Absolute Priority Rule when paying a junior class despite the senior class not being paid in full? (Page 41)

3.  The Disclosure Statement should be amended to not only describe the Absolute Priority Rule but to inform unsecured creditors that the proposed plan violates this rule and that the only way the Debtor can confirm this plan is if the unsecured creditors vote in favor of the Plan at confirmation.

4.  The Debtor indicates that the Reorganized Debtor will retain all causes of action but fails to disclose if the Debtor believes it has any causes of action and, if so, where the proceeds of these recoveries of the causes of action will go.  If they are to go into the Liquidation Fund, this should be stated clearly in the Disclosure Statement.  (See Disclosure Statement at page 42).

5.  In discussing executory contracts, the Debtor should list each contract, whether it has been assumed or rejected and to whom the Debtor will provide its list of executory contracts and unexpired leases being assumed not less than 10 days prior to the Confirmation Hearing.  (See Disclosure Statement at pages 50 and 51).

6.  Both the Disclosure Statement and the Plan should be amended to indicate that the Debtor is required to be current on payment of quarterly fees on the date of Confirmation, and not 10 days later, that the Debtor is required to file quarterly disbursement reports from which the amount of quarterly fees owing can be determined and when the Debtor intends to obtain a Final Decree.  The Debtor's pro forma shows quarterly fee payments ending as of April, 2011. If that is the projected date for obtaining a Final Decree, such an estimate should be included in the Disclosure Statement.

7.  The Debtor's Liquidation Analysis is deficient in the following respects:

a) The Liquidation Value of the AFCU Property and Farm Bureau Property must be disclosed as well as the amount of the secured claim of each entity;

b) The collateral securing the claims of Weber County Treasurer, Randy Marriott Construction and DIP Lender should be disclosed;

c) The collateral securing the claim of Utah Board of Water Resources should be disclosed;

d) The estimated percentage to be paid to unsecured creditors under the Debtor's Plan must be provided, along with a basis for that estimate, in order for creditors to determine if the 8% return under the Debtor's Liquidation Analysis is better or worse than how they would fare under the Debtor's Plan; and

e) The basis for the values provided for each parcel of real property as well as for the Debtor's personal property should be disclosed in order for the Liquidation Analysis to provide any meaningful information.

8.  The Debtor's pro forma is deficient in the following areas:

a) The Debtor's cash flow relies on $920,000 being infused by subsidiaries during the 15 month period of November, 2010 through January, 2011.  More information about this cash infusion must be provided such as which entities are infusing the cash, from what source, and is the receipt of these infusions feasible based upon the financial status of each subsidiary involved.

b) The Debtor has stated projected revenues without providing any information as to the basis for the projections.  The Exhibit should be amended to include footnotes which provide a basis for the projected revenues or similar information should be included in the body of the Disclosure Statement.

c) The projected payments for U.S. Trustee Fees does not appear to line up with the quarterly requirements of the Debtor's pro forma.  If the Debtor disburses between $300,000 to $999,999 per quarter, its obligation will be $4,875 in January of 2011 and another $4,875 in April of 2011.  The Debtor has projected $5,000 per month for the months of November, 2010 through March of 2011 with no further payments being made.  Perhaps it is the Debtor's intent to pre-pay this obligation, but the projections appear to be overstated for the first few months of the Plan.

WHEREFORE, the United States Trustee requests that the Court find that the Disclosure Statement is inadequate until the foregoing deficiencies are addressed and for such other and

further relief as the Court may deem just and equitable.

DATED this 15th day November, 2010.

Respectfully submitted,


By_____/s/_____
LAURIE A. CAYTON
Attorney for the U.S. Trustee
Charles F. McVay

## CERTIFICATE OF DELIVERY

I DO HEREBY CERTIFY that a true and correct copy of the foregoing UNITED

STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT was mailed, first class,

to the following listed below on this 16st day of November, 2010.

Wolf Creek Properties, LC
P.O. Box 658
Eden, UT 84310

Blake D. Miller
James W. Anderson
Miller Guymon, PC
165 South Regent Street
Salt Lake City, UT 84111

Brent D. Wride
Michael R. Johnson
Ray Quinney & Nebeker
36 South State Street #1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

_____/s/_____
Rachelle Armstrong