Jeffrie L. Hollingworth (# 6100)
NELSON CHRISTENSEN
HOLLINGWORTH & WILLIAMS
68 South Main Street, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 531-8400
Facsimile: (801) 363-3614
Email: jeffw@utahlaw1.com

Erin J. Kennedy, *pro hac vice* admission pending
(N.J.D.C. # EJK-9227)
FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
Telephone: (201) 845-1000
Facsimile: (201) 845-9112
Email: ekennedy@formanlaw.com
Attorneys for Wolf Creek Recreational Facilities
Association, Inc., a Utah non-profit corporation

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 10-27816<br>Chapter 11 |
| WOLF CREEK PROPERTIES, LC, | : | |
| | | Judge Joel T. Marker |
| Debtor. | : | |

### OBJECTION TO DISCLOSURE STATEMENT

Wolf Creek Recreational Facilities Association, Inc. ("**Wolf Creek RFA**"), through its attorneys, Forman Holt Eliades & Ravin LLC, objects to the Disclosure Statement for Debtor's Plan of Reorganization dated October 7, 2010 (the "**Disclosure Statement**"), filed by Wolf Creek Properties, LC (the "**Debtor**") for the reasons set forth herein.



1. Wolf Creek RFA is a Utah corporation that was formed for the purpose of managing and operating the recreational facilities of Wolf Creek Resort (the "**Recreational Facilities**").

2. On June 9, 2010 (the "**Petition Date**"), the Debtor filed a petition under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the District of Utah, Central Division. The Debtor has continued to operate as a debtor-in-possession since that time.

3. A creditors' committee was appointed on September 30, 2010 (the "**Committee**"). Wolf Creek RFA is a member of the Committee.

4. Based on its ownership of property at Wolf Creek Resorts, the Debtor is a member of the Wolf Creek RFA, the terms of which are governed by the Wolf Creek RFA Bylaws dated December 19, 1999, and Amendment to Bylaws dated June 24, 2003 (the "**Bylaws**").

5. Under the Bylaws, the Debtor owes a monthly obligation to Wolf Creek RFA in the amount of $12,891 for its use of the Recreational Facilities.

6. Prior to the Petition Date, the Debtor fell behind in its obligations to Wolf Creek RFA. At the Petition Date, the Debtor owed Wolf Creek RFA $76,238. Wolf Creek RFA has filed a proof of claim setting forth the details of the debt owed.

7. Prior to the Petition Date, the Debtor and Wolf Creek RFA agreed (the "**Modification Agreement**") that the Debtor would pay Wolf Creek RFA $5,000 per month because of the Debtor's financial difficulties. They also agreed to an offset of rent due from Wolf Creek RFA to the Debtor in the amount of $3,000 per month due under a lease agreement entered into on October 26, 1999, between Wolf Creek RFA and Wolf Creek Associates, the Debtor's predecessor (the "**Lease Agreement**").

8.  The Modification Agreement was not reduced to writing and is outlined in a series of emails exchanged between Robert Coffin, on behalf of Wolf Creek RFA, and Robert Thomas, on behalf of the Debtor, copies of which are attached as Exhibit "A".

9.  It appears that the Debtor and Wolf Creek RFA dispute some of the details of the Modification Agreement, including (i) whether the offset of Wolf Creek RFA's obligation under the Lease Agreement was to be against the old balance owed by the Debtor to Wolf Creek RFA or against the monthly balance due, and (ii) whether the unpaid amount of the monthly fee was being deferred or forgiven.

10. Regardless of the disputed terms, the emails attached as Exhibit "A" reflect that Wolf Creek RFA agreed to the modification through the summer.

11. Between the Petition Date and the present, the Debtor has continued to own property at Wolf Creek Resorts and remains a member of Wolf Creek RFA.

12. Since the Petition was filed, the Debtor has made monthly payments of $5,000 to Wolf Creek RFA, which Wolf Creek RFA has applied to the Debtor's outstanding post-petition obligations due. At the same time, Wolf Creek RFA has paid lease payments to the Debtor in the amount of $3,000 per month.

13. The Debtor's membership and its right to use the Recreational Facilities under the terms of the Bylaws constitutes an executory contract which the Debtor has not assumed or rejected pursuant to 11 U.S.C. § 365.

14. The Lease Agreement constitutes an executory contract which has not been assumed or rejected by the Debtor.

15. The Debtor's Disclosure Statement provides that "not less than ten (10) days prior to the Confirmation Hearing, the Debtor shall provide a list of executory contracts and unexpired leases being assumed by operation of the Plan pursuant to section 365(a) of the Bankruptcy Code". (Disclosure Statement Section (G)(4) at page 51.)

16. Article X of the Debtor's Plan of Reorganization (the "**Plan**") provides for treatment of executory contracts and unexpired leases using boilerplate language that does not provide any information to the creditors identifying which executory contracts and unexpired leases exist between the Debtor and third parties or the intended treatment of such agreements under the Plan. (Debtor's Plan of Reorganization Article X, at page 37).

17. The Debtor's Schedule G fails to list the Debtor's membership in Wolf Creek RFA as an executory contract.

18. Under 11 U.S.C. § 1125, a disclosure statement must contain "adequate information" which is described by the Bankruptcy Code as being "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan."

19. Adequate information includes a disclosure of whether the Debtor will assume or reject executory contracts, because such information is essential to the creditors' ability to assess the terms of the Plan and its impact upon them.

- 4 -

20. The Disclosure Statement is inadequate because it does not provide an adequate summary of the leases and executory contracts the Debtor proposes to assume and/or reject and the anticipated amount of any unsecured claim that might arise from the rejection of executory contracts or leases. *In re Shipper's Choice of Virginia, Inc.*, 2006 Bankr. LEXIS 4338 (Bankr. D. Md. 2006).

21. Boilerplate provisions regarding executory contracts and leases that provide no information about the case or how the Debtor intends to treat such agreements and the claims that will arise from the Debtor's treatment of them is inadequate. *In re Ferretti*, 128 B.R. 16 (Bankr. D.N.H. 1991).

22. Disclosure Statement Section (G)(3) at page 51 states that the Debtor will provide a list of executory contracts and unexpired leases being assumed by operation of the Plan not less than ten (10) days prior to the confirmation hearing. This timetable does not give Wolf Creek RFA sufficient information as to how the Debtor intends to treat its executory contract and lease in time for Wolf Creek RFA to consider such information in voting to assume or reject the Plan.

23. The information provided by the Debtor is insufficient to allow all creditors to understand the feasibility of the Plan and whether the Plan meets the standards set forth in Bankruptcy Code § 1123.

WHEREFORE, Wolf Creek RFA respectfully requests that the Debtor's Disclosure Statement be found to be inadequate under 11 U.S.C. § 1125 and for such further relief as the Court may allow.

DATED this _____ day of November, 2010.

        Respectfully submitted,

        NELSON CHRISTENSEN
        HOLLINGWORTH & WILLIAMS

        Jeffrie L. Hollingworth
        *Local Counsel to Wolf Creek Recreational Facilities*
        *Association, Inc., a Utah non-profit corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the _15th_ day of November, 2010, I served the foregoing **Objection to Disclosure Statement** upon the following counsel of record and parties in interest by depositing copies thereof in the United States mails, postage prepaid, addressed as follows:

T. Edward Cundick, Esq.
Prince, Yeates & Geldzahler
175 East 400 South, 9th Floor
Salt Lake City, UT 84111-2314

Thomas J. Erbin, Esq.
175 East 400 South, Suite 900
Salt Lake City, UT 84111

Mark R. Gaylord, Esq.
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, UT 84111-2221

Read R. Hellewell, Esq.
60 East South Temple, Suite 1800
Salt Lake City, UT 84111-1004

Danny C. Kelly, Esq.
Stoel Rives LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-2208

Blake D. Miller, Esq.
Miller Guymon, PC
165 South Regent Street
Salt Lake City, UT 84111-1903

Matthew L. Moncur, Esq.
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, UT 84111-2221

Robert S. Prince, Esq.
Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, UT 84111-1004

Weber Basin Water Conservancy District
Attn: Tage I. Flint
2737 East Highway 193
Layton, UT 84040

Kim R. Wilson, Esq.
Snow Christensen & Martineau
P.O. Box 45000
Salt Lake City, UT 84145-5000

Peter J. Kuhn
U.S. Trustee's Office
405 South Main Street, Suite 300
Salt Lake City, UT 84111-3402

Laurie A. Cayton
U.S. Trustee's Office
405 South Main Street, Suite 300
Salt Lake City, UT 84111-3402

Brent D. Wride, Esq.
Michael R. Johnson, Esq.
Ray Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385

Gregory S. Moesinger, Esq.
Kirton & McConkie
P.O. Box 45120
Salt Lake City, UT 84145

- 7 -

Bentley R. Peay, Esq.
Stoel Rives, LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-2208

Kenyon D. Dove, Esq.
Smith Knowles, P.C.
4723 Harrison Boulevard, Suite 200
Ogden, UT 84403-4319

Gregory J. Adams, Esq.
McKay Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101-1656

J. Suzanne Roberts, et al.
P.O. Box 1170
Eden, UT 84310

GE Money Bank
c/o Recovery Management Systems Corp.
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

*/s/ Karen D. Kelly*

**Erin J. Kennedy**

**From:** Coffin, Robert [Robert.Coffin@wyn.com]
**Sent:** Wednesday, October 27, 2010 12:01 PM
**To:** Erin J. Kennedy
**Subject:** FW: RFA

Erin,

I just found string of emails with Rob Thomas at Wolf Creek Properties discussing what they could pay.
You can see that he agreed to $8,000 ($5,000 payment and a $3,000 rent offset).

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 100
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyn.com  (Please note new email address.)

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

---

**From:** Rob Thomas [mailto:rthomas@wolfcreekutah.com]
**Sent:** Monday, April 19, 2010 4:12 PM
**To:** Coffin, Robert
**Subject:** RE: RFA

Bob:

$8000 total.

Robert Thomas

Managing Member
3844 North Wolf Creek Drive
P.O. Box 658
Eden, UT 84310

801-745-3737 Resort
801-430-4647 Mobile
801-745-3454 Fax

**From:** Coffin, Robert [mailto:Robert.Coffin@wyndhamvo.com]
**Sent:** Monday, April 19, 2010 4:02 PM
**To:** Rob Thomas
**Subject:** RE: RFA

Rob,

Just one clarification, please. Are you saying you could pay $5,000/mo and we can apply the $3,000/mo? This would be $8,000 offset in total. Or are you saying the $5,000 would include the $3,000 rent?

Thanks.

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 300
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyndhamvo.com

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

> **From:** Rob Thomas [mailto:rthomas@wolfcreekutah.com]
> **Sent:** Monday, April 19, 2010 3:59 PM
> **To:** Coffin, Robert
> **Cc:** LSPKSP@aol.com; Elkins, Andre; Ries, Teri; Elliott, Alan
> **Subject:** RE: RFA
>
> Bob:
>
> Right now the $5000 per month is all I can offer. If you would like to apply the $3000/mo. rent to the outstanding balance we can do that.
>
> We are not able to come up with the $25000 you have proposed for our outstanding balance at this time and continue to work diligently to find a solution. I will keep you informed of any

11/2/2010



EXHIBIT A

changes.

This is a tough question to ask but I need to know an answer so I can report to our Board, with Memorial Day approaching fast how is the RFA going to deal with pool and facility access for our members and guest.

Thanks

Robert Thomas

Managing Member
3844 North Wolf Creek Drive
P.O. Box 658
Eden, UT 84310

801-745-3737 Resort
801-430-4647 Mobile
801-745-3454 Fax

---

**From:** Coffin, Robert [mailto:Robert.Coffin@wyndhamvo.com]
**Sent:** Monday, April 19, 2010 2:54 PM
**To:** Rob Thomas
**Cc:** LSPKSP@aol.com; Elkins, Andre; Ries, Teri; Elliott, Alan
**Subject:** FW: RFA
**Importance:** High

Rob,

I am just following up on my email to you of April 7 since I have not heard back from you. We would like to pin this down. Do you have any feedback for us at this time? What's happing?

Thanks.

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 300
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyndhamvo.com

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

---

**From:** Coffin, Robert
**Sent:** Wednesday, April 07, 2010 6:15 PM
**To:** 'Rob Thomas'
**Subject:** RE: RFA

Rob,

Sorry for the delayed response. I had to make an unplanned business trip to Canada last week and fell behind on all of my emails.

I appreciate your response to our recent conversations. The $5,000 per month sounds good, but frankly the RFA has no use for the golf rounds. The RFA does not sell such items. If WorldMark were to sell the rounds the revenue would not be going into the RFA where it is needed.

I think the $5,000 per month is a good start. I also think the RFA should offset its monthly rent ($3,000/mo.) against the balance owed. Additionally, some amount paid up front against what is getting to be a very large outstanding balance would be good. Could you come up with $25,000 against this balance, pay $5,000 a month and have the RFA offset rent against the current outstanding balance?

I will look forward to your response.

Regards,

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 300
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyndhamvo.com

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

---

**From:** Rob Thomas [mailto:rthomas@wolfcreekutah.com]
**Sent:** Thursday, April 01, 2010 5:03 PM
**To:** Coffin, Robert
**Subject:** RFA

11/2/2010

Bob:

As we discussed at our board meeting we are trying to come up with a solution to remedy the situation we are in at the RFA.
After further discussion with our board here is the proposal as it stands today.

    5,000.00 Per month plus 250 rounds of golf that you can sell to guest. if your average sale price is 60.00 per round that is 15,000.

I hope this is something you would consider as we continue working thru these hard times.

I will be out of the office until Tuesday but I will be checking my email and please don't hesitate to call.

Thanks

Robert Thomas

Managing Member
3844 North Wolf Creek Drive
P.O. Box 658
Eden, UT 84310

801-745-3737 Resort
801-430-4647 Mobile
801-745-3454 Fax

"The information in this electronic mail ("e-mail") message may contain information that is confidential and/or privileged, or may otherwise be protected by work product or other legal rules. It is solely for the use of the individual(s) or the entity(ies) originally intended. Access to this electronic mail message by anyone else is unauthorized. If you are not the intended recipient, be advised that any unauthorized review, disclosure, copying, distribution or use of this information, or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. Please notify the sender immediately if you have received this electronic message by mistake, and destroy all copies of the original message."

"The sender believes that this e-mail and any attachments were free of any virus, worm, Trojan horse, malicious code and/or other contaminants when sent. E-mail transmissions cannot be guaranteed to be secure or error-free, so this message and its attachments could have been infected, corrupted or made incomplete during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for any viruses or other defects that may arise, and for taking remedial action relating to such viruses and other defects. Neither Wyndham Worldwide Corporation nor any of its affiliated entities is liable for any loss or damage arising in any way from, or for errors or omissions in the contents of, this message or its attachments."

"The information in this electronic mail ("e-mail") message may contain information that is confidential and/or privileged, or may otherwise be protected by work product or other legal rules. It is solely for the use of the individual(s) or the entity(ies) originally intended. Access to this electronic mail message by anyone else is unauthorized. If you are not the intended recipient, be advised that any unauthorized review, disclosure, copying, distribution or use of this information, or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. Please notify the sender immediately if you have received this electronic message by mistake, and destroy all copies of the original message."

"The sender believes that this e-mail and any attachments were free of any virus, worm, Trojan horse, malicious code and/or other contaminants when sent. E-mail transmissions cannot be guaranteed to be secure or error-free, so this message and its attachments could have been infected, corrupted or made incomplete during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for any viruses or other defects that may arise, and for taking remedial action relating to such viruses and other defects. Neither Wyndham Worldwide Corporation nor any of its affiliated entities is liable for any loss or damage arising in any way from, or for errors or omissions in the contents of, this message or its attachments."

"The information in this electronic mail ("e-mail") message may contain information that is confidential and/or privileged, or may otherwise be protected by work product or other legal rules. It is solely for the use of the individual(s) or the entity(ies) originally intended. Access to this electronic mail message by anyone else is unauthorized. If you are not the intended recipient, be advised that any unauthorized review, disclosure, copying, distribution or use of this information, or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. Please notify the sender immediately if you have received this electronic message by mistake, and destroy all copies of the original message."

"The sender believes that this e-mail and any attachments were free of any virus, worm, Trojan horse, malicious code and/or other contaminants when sent. E-mail transmissions cannot be guaranteed to be secure or error-free, so this message and its attachments could have been infected, corrupted or made incomplete during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for any viruses or other defects that may arise, and for taking remedial action relating to such viruses and other defects. Neither Wyndham Worldwide Corporation nor any of its affiliated entities is liable for any loss or damage arising in any way from, or for errors or omissions in the contents of, this message or its attachments."

11/2/2010

**Erin J. Kennedy**

**From:** Coffin, Robert [Robert.Coffin@wyn.com]
**Sent:** Tuesday, November 02, 2010 2:01 PM
**To:** Erin J. Kennedy
**Subject:** FW: Re: Wolf Creek RFA Outstanding Balance

Erin,

Here is my email to Robert Thomas confirming the agreement was approved by the Board.

Regards,

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 100
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyn.com (Please note new email address.)

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

---

**From:** Coffin, Robert
**Sent:** Monday, May 24, 2010 4:04 PM
**To:** 'rthomas@wolfcreekutah.com'
**Cc:** LSPKSP@aol.com; Elkins, Andre; Ries, Teri; Elliott, Alan
**Subject:** Re: Wolf Creek RFA Outstanding Balance

Rob,

I am just getting back to you to let you know that the RFA Board has approved via email a short-term arrangement with Wolf Creek Properties regarding their large outstanding debt to the RFA. As you proposed, the Board is willing to offset the monthly rent ($3,000/mo.) against this debt so long as Wolf Creek Properties also pays $5,000/mo against this debt, as you previously indicated would be possible. We would like to revisit this arrangement at the end of the summer to see if modifications are needed.

We have offset the rent for the month of May and will continue to do so going forward. Please arrange to start the $5,000 monthly payments right away and let me know when receipt of the first payment should be expected.

Let me know if you have any questions regarding this matter.

Regards,

Bob

Robert T. Coffin
District Vice President, Resort Operations
Mountain Region
WorldMark by Wyndham
12397 So. 300 East, Suite 300
Draper, UT 84020
Phone: 801-816-2725
Cell: 801-557-0865
Fax: 801-816-2724
robert.coffin@wyndhamvo.com

*Wyndham Vacation Ownership, A Wyndham Worldwide company*
www.WyndhamWorldwide.com

"The information in this electronic mail ("e-mail") message may contain inform
or may otherwise be protected by work product or other legal rules. It is sole
entity(ies) originally intended. Access to this electronic mail message by any
intended recipient, be advised that any unauthorized review, disclosure, copyi
or any action taken or omitted to be taken in reliance on it, is prohibited an
immediately if you have received this electronic message by mistake, and destr

"The sender believes that this e-mail and any attachments were free of any vir
other contaminants when sent. E-mail transmissions cannot be guaranteed to be
attachments could have been infected, corrupted or made incomplete during tran
any attachments, the recipient accepts full responsibility for any viruses or
remedial action relating to such viruses and other defects. Neither Wyndham Wo
entities is liable for any loss or damage arising in any way from, or for erro
or its attachments."

11/2/2010