N. George Daines (0803)
Micah L. Daines (12485)
DAINES & JENKINS, LLP
108 N. Main, Suite 200
Logan, Utah 84321
Telephone: (435) 753-4000
Facsimile: (435) 753-4002
E-mail:  george@dainesjenkins.com
        micah@dainesjenkins.com

Attorneys for Capon Capital, LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy Case No. 10-27816 |
|---|---|
| WOLF CREEK PROPERTIES, LC | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

## OBJECTION OF CAPON CAPITAL, LLC, TO DEBTOR'S DISCLOSURE STATEMENT

Capon Capital, LLC, ("Capon"), a secured creditor in this Chapter 11 case, objects to the Disclosure Statement filed by Debtor on October 7, 2010 (the "Disclosure Statement") [Docket No. 104].

### PRELIMINARY STATEMENT

1. Capon objects to the Disclosure Statement on the grounds that it does not contain adequate information so as to allow creditors to make an informed judgment

about the Debtor's Plan of Reorganization (the "Plan"). Specifically, the Disclosure Statement: (1) lacks a complete and accurate description and valuation of the Debtor's assets; (2) contains conclusory allegations or opinions without supporting facts; and (3) lacks information relevant to the risks posed to the creditors under the Plan.

2. The deficiencies of the Disclosure Statement referenced herein operate to prevent creditors from making an informed judgment about whether to accept or reject the Plan and thus do not meet the requirements of section 1125 of title 11 of the United States Code (the "Bankruptcy Code).

## STATEMENT OF FACTS

3. The Debtor filed the Disclosure Statement and Plan with the Court on October 7, 2010.

4. The Disclosure Statement summarizes the Plan as follows:

"Generally, the Plan provides for the continuation of the Debtor's efforts to obtain funding or equity investment necessary to preserve the value of the Resort as a whole. Should such a Funding Event timely occur, creditors will be paid out of the Funding Event and the operations of the Resort. Should these funding efforts not be successful by 12 months from the Effective Date of the Plan, a structured liquidation of the Debtor's assets will be performed. Creditors and Interest Holders would then be paid from the proceeds of such liquation sales."
(Disclosure Statement at 8)

5. The Disclosure Statement states, inter alia, that:

2

    a. "During the last year, the Debtor has been involved in negotiations and discussions with potential investors and purchasers designed to infuse sufficient capital to allow the Resort to continue as a whole **pending a modest return of the real estate market**." (Disclosure Statement at 21; emphasis added)

    b. "The Debtor believes that the value of the Resort as a whole exceeds the sum of the individual values of its components." (Disclosure Statement at 22)

    c. Substantial time and effort was spent with several groups that expressed solid interest in funding and/or acquiring the resort. (*Id*)

6. The Disclosure Statement makes reference to a Liquidation Analysis attached thereto as Exhibit C.

7. The Disclosure Statement does not contain any basis or information that supports the market value, liquidation value or equity in the Debtor's real property.

8. The Disclosure Statement does not contain an analysis or any information supporting the Debtor's claim that the value of the whole Resort exceeds the sum of its individual components.

9. The Disclosure Statement does not contain any specific information regarding Debtor's strategy to obtain new funding or capital sufficient to allow the Resort to continue.

10. The Disclosure Statement does not contain any information, analysis or projections, as to the likelihood of the Debtor obtaining new funding or capital to allow the Resort to continue.

11. The Disclosure Statement does not state what amount of funding or capital it would require to continue the resort.

12. The Disclosure Statement does not contain relevant information about risks posed to creditors under the Plan. .

\*     \*     \*

13. Capon objects to the Disclosure Statement on the grounds that it lacks adequate information about the Plan as required by 1125(b) of the Bankruptcy Code.

## ARGUMENT

### I. THE DISCLOSURE STATEMENT SHOULD NOT BE APPROVED BECAUSE IT LACKS ADEQUATE INFORMATION

#### A. DISCLOSURE STATEMENTS MUST CONTAIN ADEQUATE INFORMATION

14. Before the Debtor can solicit acceptances of the Plan, this Court must approve the Disclosure Statement with a determination that it contains "adequate information." Section 1125(b) Bankruptcy Code. Adequate information is defined as follows:

> "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of debtor's books and records…that would enable…a hypothetical investor of the relevant class to make an informed judgment about the plan…" 11 U.S.C. §1125(a)(1).

4

The Debtor's obligation to provide adequate information in its Disclosure Statement is clear-cut. The importance of providing adequate information is "...underlaid by the reliance placed upon the disclosure statement by the creditors and the court... [the court] cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information." Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996) (citations omitted).

15. At minimum, adequate information under 1125(a) must include "...all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." In re Beltrami Enters., 191 B.R. 303, 304 (Bankr. D. Pa. 1995) (quotations and citations omitted). Furthermore, with respect to these factors "[c]onclusory allegations or opinions without supporting facts are generally not acceptable. (*Id.*)

16. Some of the factors that must be addressed in the Disclosure Statement include, inter alia: a description of the debtor's available assets and their value; and information relevant to the risks posed to creditors under the plan. In re Scioto Valley Mortg. Co., 88 B.R. 168 170 (Bankr. D. Ohio 1988).

17. The Debtor's Disclosure Statement does not meet the standard of adequate information as prescribed by the Bankruptcy Code or the Courts because it: (1) does not contain a complete and accurate description and valuation of the Debtor's assets; (2) contains conclusory allegations or opinions without supporting facts; and (3) lacks information relevant to the risks posed to the creditors under the Plan. The above-

referenced matters are not intended to be a comprehensive delineation of the defects in the Disclosure Statement and Capon reserves the right to review and object to any revisions or supplementation to the Disclosure Statement.

### B. THE DEBTOR'S DISCLOSURE STATEMENT DOES NOT CONTAIN ADEQUATE INFORMATION

#### 1. The Disclosure Statement does not contain a complete and accurate description and valuation of the Debtor's assets.

18. Real property is among the Debtor's most significant assets, yet the Disclosure Statement makes little effort to provide creditors with information regarding the current or projected value of the same.

19. The success of the Plan is predicated entirely upon an undetermined "Funding Event." The individuals and/or institutions that could infuse capital or provide financing to the Debtor would invariably base much of their decision upon the value of the Debtor's real property. Likewise, the creditors who are faced with the decision to approve or reject the Plan require similar information.

20. The only information within the Disclosure Statement regarding the value of the real property is the Liquidation Analysis in Exhibit C. The Liquidation Analysis provides no basis or supporting information regarding the values claimed therein and appears to be entirely arbitrary.

21. Capon has commissioned an appraisal of the real property to which it holds a secured claim and has been informed that the value is significantly less than indicated

in the Disclosure Statement. Consequently, Capon suspects that the value of Debtor's other real property will be similarly appraised below the claimed value.

22. The Disclosure Statement should provide an objective measure of Debtor's real property values and an analysis thereof as it relates to the Plan. At a minimum, the Disclosure Statement should contain: (1) a current appraisal of the market value of the real property both separately and in bulk; (2) a current appraisal of the liquidation value of the real property both separately and in bulk; (3) an appraisal or projection of the anticipated values of the real property for the duration of the time periods set forth in the Plan; and (4) a comparison of the aforementioned data to the debts owning on the real property both separately and in bulk.

23. Without objective and thorough information regarding the real property values, creditors will be unable to make an informed judgment on the Plan.

**2. The Disclosure Statement contains conclusory allegations and opinions that are not supported by fact.**

24. The Disclosure Statement makes numerous references to a "Funding Event" which would allow the Debtor to continue the Resort and pay creditors. The vagueness of this Funding Event is compounded by the qualification that it depends on a "modest return of the real estate market."(Disclosure Statement at 21)

25. The Disclosure Statement is wholly devoid of any information or analysis as to what constitutes a "modest recovery;" by what amount the real estate would need to

increase in value; and the probability of a recovery within the time periods prescribed in the Plan.

26. With respect to the Funding Event, the Disclosure Statement states that there has been "solid interest in funding and/or acquiring the resort." It also references negotiations and discussions with potential investors and purchasers. (Disclosure Statement at 21 and 22) The Disclosure Statement provides no information as to what obstacles have prevented the Funding Event thus far and what obstacles lay ahead. Creditors are thus provided with the impression that if given some additional time and a minor change in the market the Plan will succeed. If this is the case, the Disclosure Statement should provide a basic framework of what conditions it expects will change in order for the Debtor to obtain new funding or additional capital.

27. The Disclosure Statement contains no facts that support the Debtor's assertions regarding the Funding Event or the requisite recovery needed to facilitate the same. Because the Funding Event bears so heavily on the success or failure of the Plan, the Disclosure Statement should appropriately include information that would allow creditors to assess the likelihood of it occurring.

28. Another conclusory and unsupported assertion in the Disclosure Statement is that the value of the Resort as a whole exceeds the sum of its individual parts. (Disclosure Statement at 22). This assertion in implicitly referenced throughout the Disclosure Statement.

29. The Disclosure Statement provides no factual support for the Debtor's assertion that the Resort is more valuable as a whole. The accuracy of this assertion is a key point of consideration for the creditors' decision to approve or reject the Plan.

30. As previously discussed, the Disclosure Statement must contain some objective measure of the value of the Debtor's assets; both individually and as a whole. This information is material, because if the assertion regarding the whole value of the Resort is inaccurate, creditors would likely seek liquidation by proposing an alternative plan or conversion to Chapter 7.

31. Without adequate factual support regarding the nature, conditions and probability of the Funding Event and the composition of the Resort's value; creditors are left to rely upon the conclusory statements contained in the Disclosure Statement.

### 3. The Disclosure Statement lacks information relevant to the risks posed to the creditors under the Plan.

32. The Disclosure Statement does not take into account the likelihood that the value of the Debtor's assets may further decline while awaiting the occurrence of the Funding Event. Such a decline would expose secured creditors to additional risks by further diminution of the value of their security.

33. The Plan also provides for substantial and ongoing payments to be made by the Debtor. The Debtor's ability to make these payments, as well its ability to meet additional obligations that may be incurred as a result of a Funding Event are not treated in the Disclosure Statement.

34. The Disclosure Statement should contain a comprehensive description of the Plan's risk factors that may affect creditors. Without such information, creditors are unable to make an informed judgment regarding the Plan.

## CONCLUSION

For the foregoing reasons, Capon respectfully requests that this Court not approve the Debtor's Disclosure Statement.

DAINES & JENKINS, LLP

N. George Daines
108 N. Main, Suite 200
Logan, UT 84321
Telephone: (435) 753-4000
Facsimile: (435) 753-4002

Attorneys for Capon Capital, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15th 2010, copies of foregoing were duly served on the following:

U.S. Mail            Hand Delivery

[X]                  [ ]            Blake D. Miller, Esq
                                    Miller Guymon, P.C.
                                    165 S. Regent St.
                                    Salt Lake City, UT 84111

[ ]                  [X]            Peter J. Kuhn, Esq
                                    Office of the United States Trustee
                                    405 S. Main St., #300
                                    Salt Lake City, UT 84111

[X]                  [ ]            Brent D. Wride, Esq
                                    Ray Quinney & Nebeker
                                    P.O. Box 45385
                                    Salt Lake City, UT 84145-0385

[X]                  [ ]            RLP Properties, LLC
                                    Attn: Ron Rubin
                                    25 NW 23rd Place
                                    Suite 6, PMB 412
                                    Portland, OR 97210

[X]                  [ ]            Wolf Creek Recreational Facilities Assoc., Inc.
                                    Attn: Robert T. Coffin
                                    9805 Willows Road NE
                                    Redmond, WA 98052

[X]                  [ ]            Strategic Marketing Ground, Inc.,
                                    Attn: Melisa MenKemeller
                                    P.O. Box 544
                                    Park City, UT 84060

_/s/ Micah L. Daines_
Micah L. Daines