Michael R. Johnson (7070)
Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
E-mail:  mjohnson@rqn.com
         bwride@rqn.com

*Counsel for the Unsecured Creditors Committee*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>WOLF CREEK PROPERTIES, LC,<br><br><br>Debtor-in-Possession. | **Bankruptcy Case No 10-27816**<br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed Electronically] |

**RESPONSE OF THE UNSECURED CREDITORS COMMITTEE TO THE DEBTOR'S MOTION TO APPROVE SALE OF WATER ASSETS (<u>DOCKET NO. 151</u>)**

The Official Committee (the "**Committee**") of the Unsecured Creditors of Wolf Creek Properties, LC (the "**Debtor**"), through its undersigned counsel, hereby responds to the *Motion to Approve Sale of Water Assets*, which was filed by the Debtor on December 20, 2010 (<u>Docket No. 151</u>) (the "**Motion**").

**RESPONSE**

On October 7, 2010, the Debtor filed a plan of reorganization (the "**Plan**") (Docket No. 103) and a related disclosure statement (the "**Disclosure Statement**") (Docket No. 104). The Debtor's Plan is essentially a liquidating plan under which the Debtor will seek to preserve the value of its assets as a whole as it seeks a buyer or investor. See, e.g., Disclosure Statement at 8. The Committee has long been concerned that the Debtor is basically proposing to have the unsecured creditors pay the cost of operating for another year and then liquidating anyway at prices no more favorable than exist today.

The Committee believes that the Water Assets are the most important asset of the Debtor to which unsecured creditors can look for payment of their claims. In its current Motion, the Debtor now seeks to sell those valuable assets outside of the ordinary course of its business and outside of its liquidating Plan. The Debtor then intends to use the net proceeds of the sale (approximately $1.6 million) to provide "resilience and flexibility." Motion at 8.

The Committee is concerned that the Debtor's desire for "resilience and flexibility" will lead to further delays and expense in this case that will cause injury to the unsecured creditors. This bankruptcy case has been on file for seven months, and the liquidating Plan has been on file for three.[1] In the period between the filing of the petition and November 30, 2010, the Debtor lost over $338,000 on its operations.[2] Nevertheless the Debtor has still not even selected an

---

[1] A hearing on the adequacy of the Disclosure Statement was originally scheduled for December 6, 2010. However, after numerous parties, including the Committee, filed objections to the adequacy of the Disclosure Statement, the Debtor rescheduled the hearing for January 18, 2011. The Committee understands that the Debtor intends to continue the hearing again to a future date that has not yet been specified.

[2] See Monthly Operating Report for the Period Ending November 30, 2010 (Docket No. 150), which is the most recent monthly operating report on file with the Court.

2

agent to market the Resort. The Committee believes that the selection of a marketing agent is a relatively simply matter that should have been taken care of quickly and inexpensively long ago by the Debtor's Chief Restructuring Officer.[3] The Committee is concerned that the Debtor is incurring needless delay and expense in this matter. This concern is heightened greatly when the Debtor now proposes to sell the most important asset that would be available to pay unsecured creditors.

The Water Assets might be very attractive to a potential purchaser of the Resort who would be interested in developing the Resort's residential opportunities. The Committee is therefore not convinced that selling the Water Assets outside the Plan is in the best interests of the estate. Nevertheless the Committee understands and acknowledges that the Committee is not entitled to substitute its business judgment for the Debtor's. Therefore the Committee does not object to the Debtor's current Motion to sell the Water Assets on that ground.

However, under the particular circumstances of this case, the Committee requests that the Court exercise its equitable powers to include a provision in its order approving the sale that would require the Debtor to earmark at least $500,000 of the net proceeds of the sale for the payment of unsecured creditors. Specifically, the order should state that this amount is to be held in reserve and not spent on operating expenses without further approval of the Court.

The amount that the Committee asks to have reserved is less than one-third of the net proceeds that the Debtor will receive. The Debtor will still have use of over $1 million. Further, the Debtor would still have flexibility to use even the $500,000 for operating expenses subject to

---

[3] The Debtor's Chief Restructuring Officer is Jeffrey M. Heilbrun. The Court recently approved the payment of substantial fees to Mr. Heilbrun for services rendered through September 30, 2010.

Court approval in the event that becomes necessary (the Committee has been told that the Debtor is currently cash flowing and that there is no immediate need for the money). Under the circumstances of this case, the Committee believes that including the provision it has requested in the Court's order is fair and equitable and in the best interest of the estate.

## CONCLUSION

While the Committee does not oppose the Motion to Approve Sale of Water Assets in its present form,[4] the Committee requests that the Court exercise its equitable powers by including a provision in the approval order stating that $500,000 of the net proceeds of the sale be reserved and not spent on operating expenses without further approval of the Court.

DATED this 7th day of January, 2011.

RAY QUINNEY & NEBEKER P.C.


/s/ Brent D. Wride
Brent D. Wride
*Attorneys for the Unsecured Creditors Committee*

1118888

---

[4] The Sale Motion is subject to higher and better offers. While the Committee has no objection to the proposed purchaser here, which is a public entity, the Committee reserves its right to object to the sale on the merits if the sale is not to the SID or some other public entity. The Committee believes that sale of the Water Assets to a private investor could severely undermine the value of the Debtor's remaining assets and the Debtor's ability to liquidate those remaining assets.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2011, the foregoing was electronically filed and therefore served via ECF on the following:

- Gregory J. Adams    gadams@mbt-law.com
- James W. Anderson    anderson@mmglegal.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- T. Edward Cundick    tec@princeyeates.com, christy@princeyeates.com;docket@princeyeates.com
- Kenyon D. Dove    kdove@smithknowles.com, dcouch@smithknowles.com
- Thomas J. Erbin    tje@princeyeates.com
- Mark R. Gaylord    gaylord@ballardspahr.com, goodalem@ballardspahr.com;saltlakedocketclerk@ballardspahr.com
- Danny C. Kelly    dckelly@stoel.com, docketclerk@stoel.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov
- Blake D. Miller    miller@mmglegal.com
- Matthew L. Moncur    moncurm@ballardspahr.com, goodalem@ballardspahr.com;saltlakedocketclerk@ballardspahr.com
- Bentley R. Peay    brpeay@stoel.com
- Robert S. Prince    rprince@kmclaw.com, squilter@kmclaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Kim R. Wilson    bankruptcy_krw@scmlaw.com

I further certify that on the 7th day of January, 2011, a true and correct copy of the foregoing was served upon the following parties via first class mail, postage prepaid.

Cushman & Wakefield of Colorado, Inc.
1675 W. Redstone Center Dr., Suite 225
Park City, UT 84098

Daniel M. Eliades
Forman Holt & Eliades LLC
80 Route 4 East--Suite 290
Paramus, NJ 07652

Jeffrey M. Heilbrun
P.O. Box 10305
Jackson, WY 83002

Read R. Hellewell
1800 Eagle Gate
60 East South Temple
Salt Lake City, UT 84111

Parr Brown Gee & Loveless
185 South State Street #800
Salt Lake City, UT  84111

N. George Daines
108 North Main, Suite 200
Logan, UT 84321

Jeffrie L. Hollingworth
68 South Main Street, Suite 600
Salt Lake City, UT 84101

/s/ Alexis Gruninger

1118888