Thomas J. Erbin (1001) tje@princeyeates.com
T. Edward Cundick (#10451) tec@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 524-1000
Fax: (801) 524-1098

Attorneys for Zions First National Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re<br><br>WOLF CREEK PROPERTIES, LC,<br><br>Debtor. | Bankruptcy Case No. 10-27816<br>(Chapter 11)<br><br>**ZIONS BANK'S MEMORANDUM IN LIMITED OPPOSITION TO DEBTOR'S "MOTION TO APPROVE SALE OF WATER ASSETS"**<br><br>[Filed Electronically] |

Zions First National Bank ("**Zions Bank**") respectfully opposes the Debtor's pending Motion to Approve Sale of Water Assets.

**RELIEF SOUGHT IN DEBTOR'S MOTION**

Debtor seeks Court approval to sell real estate free and clear of existing liens (including the Zions Bank Trust Deed).

As to Zions Bank, the Debtor offers two alternatives for the loss of collateral: either the lien attaches to a small part of sale proceeds, or Zions Bank accepts as substitute collateral the Debtor's rights under a Water Rights Agreement.

### ARGUMENT :

### THE MOTION SHOULD BE DENIED AS CURRENTLY FRAMED

Zions Bank does not necessarily oppose the essential transaction: the Debtor sells real estate and water rights in exchange for water supply from the buyer (Special Improvement District). However, the transaction as presently framed is too undefined and based on evidence lacking foundation. The Motion does not demonstrate that this secured creditor, Zions Bank, is adequately and fairly protected in the transaction.

**I.    Debtor's Position on Fair Market Value Lacks Foundation**

The Motion is to sell key parts of the Bank's collateral: the main irrigation reservoir, an irrigation pond for the golf course, and the Lake Wade storage reservoir (Debtor Motion ¶ 10.a.).

Obviously, the real estate holding the irrigation water for the golf course is of great value. However, to fix that value, Debtor simply added up the acres comprising these key parcels (roughly 12 acres) and divided that by the Bank's total collateral (344 acres). In other words, the Debtor calculates that the real estate to be sold is 3.4% of the Bank's total collateral, and therefore is a 3.4% reduction in the collateral's value. Because the total collateral value is $4 million (Debtor's valuation), the 3.4% loss of collateral equals $150,698 in lost value (Debtor Motion ¶ 11.a.).

The flaw is the Debtor's simple assumption that all acres have the same value (straight pro rata valuation of all real estate). There is no foundation for this assumption—no appraisal or

affidavit to establish this as a realistic valuation. Indeed, it is counter-intuitive that the holding ponds and reservoirs have equal value to the "dry land." The record does not establish this.

Zions Bank objects to the $150,698 valuation of the loss collateral as being without foundation and defying common sense. The Debtor should furnish an appraisal and grant Zions Bank the opportunity to analyze and evaluate. Without this protection Debtor's proposal is not fair and equitable to Zions Bank.

**II.     Alternative Proposal by Debtor**

As an alternative to cash collateral to substitute for the lost collateral, the Debtor offers Zions Bank a pledge - an assignment of the Debtor's rights in a water supply agreement. Specifically, the Debtor offers to pledge its interest in the Water Supply Agreement it signs with the buyer (Special Improvement District).

The flaw is that the Debtor has no rights in that Water Supply Agreement. The Debtor is not a party to that agreement. The Debtor's pledge of its rights under the agreement is a nullity.

There is a second concern with the pledge of the Water Supply Agreement. Indeed, the buyer (SID) pledges to furnish water to the property under that agreement, but the scope of that obligation in undefined and loose. There is no pledge of "adequate water" or any parameter to meet need. Zions Bank needs some assurance that this alternative collateral will serve the same purpose as the existing collateral: adequate water for the golf course.

**III.    Inadequate Legal Description of Access Roads**

Zions Bank first protested that the Debtor's Motion contained no legal description of the real estate being sold. This week the Debtor furnished Zions Bank with specific legal descriptions for the parcels (ponds, lakes, reservoirs) proposed for sale. Zions Bank needs an

opportunity to have its own surveyor or staff review those legal descriptions to confirm exactly what collateral is being lost.  However, there remains a material "hole" in the legal description of the real estate being conveyed.  Essential to the conveyance of the ponds and lakes is legal access to those parcels.  The Debtor simply proposes that it pledge to the buyer an access easement "over existing roads."  That is too vague, and not consistent with standard real estate conveyancing.  Where are these easements, how wide and how long?  Just as the parcels being sold have a legal description, the access easements should as well.  If the Bank's collateral is to be burdened by access easements, the Bank should have clear and unequivocal notice of the size and location of those easements, as is the custom in real estate conveyances.

## CONCLUSION

As currently framed, the Motion must be denied.  The Motion lacks foundation and definition as to the value and legal description of the real estate being conveyed.

DATED this 7th day of January, 2011.

                                    **PRINCE, YEATES & GELDZAHLER**

                                    By:/s/ T. Edward Cundick
                                        T. Edward Cundick
                                        Attorneys for Zions Bank

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2011, I served the foregoing **Memorandum in Opposition to Motion to Approve Sale of Water Assets** by mailing copies thereof, by First Class United States Mail, postage prepaid and addressed as follows:

> Blake D. Miller
> James W. Anderson
> Miller Guymon, P.C.
> 165 Regent Street
> Salt Lake City, UT  84111

/s/ Christy McCarthy

G:\Tje\ZIONS\Wolf Creek\Memo Opp Motion to Approve Sale of Water Assets.docx